UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN MARCIANO and KEVIN SCHWARTZ

                          Plaintiffs,

    -against-

SJN ADJUSTMENT GROUP, INC. d/b/a
RUBIN & ROSEN ADJUSTERS, INC.
----------------------------------------------------------------X

**COMPLAINT**

**Index No.:**

**Jury Trial Demanded**

Plaintiffs, by and through their attorneys, Joseph Mure Jr., & Associates, by way of Complaint, allege upon information and belief as follows:

## INTRODUCTION

1. Plaintiffs John Marciano ("Marciano") and Kevin Schwartz ("Schwartz" and collectivity the "Plaintiffs") worked as public adjusters for the Defendant for approximately nine years. During the time of their employment, the Plaintiffs were wholly unpaid. To challenge these and other wages violations, Plaintiffs bring this action against Defendant SJN Adjustments, LLC d/b/a Rubin & Rosen, Inc. ("Rubin" or "Defendant"), to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.* (hereinafter, "FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL")

2. Plaintiffs also assert claims for unjust enrichment and breach of contract as alternative legal theories of recovery.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367 over Plaintiffs' state claims.

1

4. Venue is lodged in this Court pursuant to 28 U.S.C § 1391(b)(1) because the Defendant resides in this judicial district. See § 1391(c)(2) (explaining that an entity "resides" in any judicial district in which it is subject to personal jurisdiction).

## PARTIES

### *The Defendant*

4. Defendant SJN Adjustments, LLC., d/b/a Rubin & Rosen, Inc, is a New York corporation doing business within the County of Kings, and whose principle place of business is located at 3615 Quentin Road, Brooklyn, NY 11234

5. At all relevant times, Defendant Rubin had annual gross revenues in excess of $50,000.

6. At all relevant times, Defendant Rubin was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. At all times material to this action, Defendant Rubin was subject to the FLSA and was an "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.

### *The Plaintiffs*

8. Plaintiff John Marciano is a resident of Orange County, New York.

9. Plaintiff Kevin Schwartz is a resident of Kings County, New York.

10. At all times material to this action, Plaintiffs were an "employee" within the meaning of 29 U.S.C. § 203(e).

11. Plaintiff John Marciano worked for defendant Rubin as a public adjuster from December 2006 through February 2017.

12. Plaintiff Kevin Schwartz worked for defendant Rubin as a public adjuster from June 2008 through February 2017.

13. As public adjusters, the Plaintiffs would represent insured property owners to maximize their clients' insurance claims for property damage. To this end, Plaintiffs would survey and inspect damaged structural and/or personal property, prepare reports and worksheets detailing the damage, as well as an estimate of repair, and negotiate with the insurance companies to receive the highest possible insurance payout for their client. Additionally, the Plaintiffs would orchestrate the recovery and rebuild process through contractors and vendors on behalf of their clients.

14. Plaintiffs were generally required to be available to work at least forty hours per week, and would commonly work between fifty and sixty hours per week.

*Plaintiffs' Compensation*

15. Per a retainer agreement, the Defendant charged its clients a contingency fee of no more than 12.5% of its clients' total insurance claim ("Retainer Fee).

16. Additionally, the Defendant received a 20% fee from contractors that would reconstruct its clients' damaged property ("Construction Fee") and a 20% fee from vendors that would mitigate damage to the property ("Vendor fee").

17. Plaintiffs' compensation comprised of a minimal salary, and a percentage of the Retainer Fee, Construction Fee, and Vendor Fee the Defendant received.

18. For example, as full-time employees, each Plaintiff earned less than $15,000.00 per year in salary. In addition to this low salary, Plaintiffs were given a 30% commission of the Retainer Fee and Construction Fee, and a 20% commission of the Vendor Fee.

19. The Defendant unlawfully withheld, and failed to pay the Plaintiffs their entire pay. Specifically, the Defendant failed to pay Plaintiff Marciano approximately $36,500.00 in

commissions for Retainer Fees and approximately $67,500.00 in commissions for Construction Fees.

20. The Defendant failed to pay Plaintiff Schwartz approximately $5,769.00 in commissions for Retainer Fees and approximately $33,000.00 in commissions for Construction Fees.

21. Upon information and belief, the Defendant failed to properly pay the Plaintiffs earned commissions for Vendor Fees.

## As And For A First Cause of Action
## FAIR LABOR STANDARDS ACT (FLSA)VIOLATIONS

22. Plaintiffs reallege and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure to Pay Minimum Wage*

23. The Defendant failed to pay Plaintiffs the minimum wage for all hours they worked, in violation of the FLSA.

24. To date, the Defendant failed to pay Plaintiff Marciano more than $100,000.00 in commissions that he rightfully earned during his employment with the Defendant.

25. Similarly, the Defendant failed to pay Plaintiff Schwartz more than $38,000.00 in commissions that he rightfully earned during his employment with the Defendant.

*Late Payments*

25. The Defendants failed to fully compensate the Plaintiffs on a timely basis.

26. In fact, the Defendant is still currently withholding the Plaintiffs' commissions.

25. Because the employer failed to pay wages on the regular payment date, Plaintiffs are entitled to liquidated damages, even if the wages themselves had been ultimately paid. See *Tackie v. Keff Enters. LLC,* 2014 U.S. Dist. LEXIS 130148 (S.D.N.Y. Sept. 16, 2014); *Gurung v.*

*Malhorta,* 851 F. Supp. 2d 583, 592 (S.D.N.Y. 2012); *United States v. Klinghoffer Bros. Realty Corp.,* 285 F. 2d 487, 491 (2nd Cir. 1960).

26. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiffs, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willful & Not Based on Good Faith & Entitlement to Damages*

27. The Defendant had no good faith basis for believing that their pay practice as alleged above were in compliance with the law.

28. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C § 255(a).

29. As a result of the violations by Defendant of the FLSA, the Plaintiffs are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

As And For A Second Cause of Action<br>NEW YORK LABOR LAW (NYLL) VIOLATIONS

30. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

31. At all relevant times, Plaintiffs were employed by the Defendant within the meaning of New York Labor Law, §§ 2 and 651.

*Failure To Pay Minimum Wage*

32. The Defendant failed to pay Plaintiffs the minimum wage for all hours they worked, in violation of NYLL §§ 652.

*Improper Deductions*

33.     The Defendant made deductions from the wages of the Plaintiffs other than those authorized under NYLL § 193.  See also 12 N.Y. Comp. Codes R. & Regs. 142-2.10.

34.     Specifically, Defendant failed to pay the Plaintiffs their earned wages altogether for many months worth of work.

*Failure To Pay Wages at Prescribed Frequency*

35.     Plaintiffs were "clerical [or] other worker" as defined in NYLL §190(7).

36.     When Plaintiffs separated from the company, the employer failed to pay the wages owing in their final pay period not later than the regular payday from the pay period during which the separation occurred, in violation of NYLL §191(3).

*Record-Keeping Failures*

37.     At all relevant times, the Defendant failed to keep true and accurate records of hours worked by the Plaintiffs, the wages paid to them, and other similar information in contravention of NYLL §661 and/or §161(4).

38.     At all relevant times, the Defendant failed to establish, maintain and preserve for not less than three years compensation records showing the hours worked, gross wages, deductions and net wages for the Plaintiffs, in contravention of NYLL §§ 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

*Willfulness and Damages*

39.     Defendant willfully violated the rights of the Plaintiffs by failing to pay them their earned wages.

40.     Due to Defendant's New York Labor Code violations, Plaintiffs are entitled to recover their unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing this action. NY Lab. Code § 663(1).

### As And For A Third Cause of Action
### BREACH OF CONTRACT/UNJUST ENRICHMENT

41.     Plaintiffs realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

42.     Plaintiffs and Defendant had an implied employment contract insofar as the employment relationship is inherently contractual in nature.

43.     Plaintiffs agreed to perform certain functions for the Defendant, in exchange for certain compensation.

44.     As an alternative legal theory, in the unlikely event Plaintiffs should be found not to be covered by the FLSA and/or NYLL, they would be entitled to recover the owed amounts as a matter of contract.

45.     Also in the alternative, were a contract not found to exist, Defendant has been unjustly enriched by withholding monies that rightfully belong to the Plaintiffs. Defendant is liable to Plaintiffs in the amount of compensation unlawfully withheld from them, and other appropriate damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Award Plaintiffs unpaid and underpaid wages due under the FLSA and the New York Labor Law (or, alternatively, under contract or quasi-contract theories);

B.  Award Plaintiffs liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. §216(b);

C.  Award Plaintiffs liquidated damages pursuant to NYLL §663;

D.  Award Plaintiffs interest;

E.  Award Plaintiffs the costs of this action together with reasonable attorneys' fees; and

F.  Award such other and further relief as the Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: September 17, 2018
      Brooklyn, New York

By: *s/ Anthony C. Varbero*
Anthony C. Varbero
JOSEPH A. MURE, JR. & ASSOCIATES
26 Court Street, Suite 2601
Brooklyn, New York 11242
(T) (718)841-9100
(F) (718) 797-5554
anthony.varbero@murelaw.com

VERIFICATION

STATE OF NEW YORK    }
                    } SS:
COUNTY OF KINGS      }

John Marciano, being duly sworn, deposes and says:

I am a plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to the matters stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
John Marciano

Sworn to before me this
28th day of August, 2018

_____
Notary Public

JEANINE SKELLY
Notary Public, State of New York
No. 01SK6082541
Qualified in Kings County
Commission Expires October 28, 20 10

VERIFICATION

STATE OF NEW YORK  }
                   }  SS:
COUNTY OF KINGS    }

Kevin Schwartz, being duly sworn, deposes and says:

I am a plaintiff in the above-entitled action. I have the read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to the matters stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
Kevin Schwartz

Sworn to before me this
28 day of August, 2018

_____
Notary Public

JEANINE SKELLY
Notary Public, State of New York
No. 01SK6082541
Qualified in Kings County
Commission Expires October 28, 20 18