UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN MARCIANO and KEVIN SCHWARTZ,   Docket No. 18-CV-05222 (DLI)(JO)

                              Plaintiffs,

     -against-   Date of Service: August 15, 2019

SJN ADJUSTMENT GROUP, INC. d/b/a RUBIN
& ROTHMAN ADJUSTERS, INC.,

                              Defendant.
------------------------------------------------------------------X


## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)


BARNES CATTERSON LOFRUMENTO BARNES, LLP
Attorneys for Defendant
445 Broadhollow Road, Suite 226
Melville, New York 11747
T: 516-222-6500
E: LKB@BCLBLAWGROUP.COM

**PRELIMINARY STATEMENT**

Defendant SJN Adjustment Group Inc. d/b/a Rubin & Rothman Adjusters Inc. submits this Reply Memorandum of Law in response to the Plaintiffs' Opposition and in further support of its FRCP 12(b)(6) motion to dismiss Plaintiffs' overtime, record-keeping and unjust enrichment claims in this FLSA action.

**ARGUMENT**

**POINT ONE**

**THE OVERTIME ASPECTS OF THE FIRST AND SECOND CLAIMS ARE RIPE FOR DISMISSAL DUE TO PLAINTIFFS' FAILURE TO PLEAD A SUFFICIENT FACTUAL BASIS FOR THE SAME**

Moving Point One of Defendant's FRCP 12(b)(6) motion to dismiss the Plaintiffs' putative overtime claim is founded upon a discrete argument – that the Complaint at bar fails to satisfy the pleading specificity requirements as per *Lundy v. Catholic Health Sys. of Long Island Inc.,* 711 F.3d 106, 114 (2d Cir. 2013)(finding that plaintiff's allegation that in "'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation' to be insufficient to make the plaintiff's overtime claim plausible, and affirmed the dismissal of that claim); *DeJesus v. HF Mgmt. Servs., LLC,* 726 F.3d 85, 88 (2d Cir. 2013)(dismissal of an overtime claim for failing to provide the requisite particulars concerning dates and hours worked because the plaintiff there merely alleged that "she worked more than forty hours per week during 'some or all weeks' of her employment.); and *Pruell v. Caritas Christi,* 678 F.3d 10, 12 (1st Cir. 2012)(affirming the dismissal of an overtime claim which merely alleged that employees "regularly worked' over 40 hours a week and were not compensated for such time."). The Complaint at bar is plagued by the same deficiencies that warranted dismissal in *Lundy*, *DeJesus* and *Pruell*.

1

The Opposition Memorandum fails to distinguish Defendant's moving citations, and likewise fails to cite a single authority for the proposition that the pleading at bar can survive scrutiny. Rather, the Opposition is composed of treatise-like citations concerning generic FLSA prevailing law that does not address the issue of whether the overtime claim contains the requisite specificity.

Of note, the Plaintiffs did not request leave to amend or re-plead their Complaint. Dismissal of Plaintiffs' overtime claims pursuant to FRCP 12(b)(6) is warranted.

POINT TWO

PLAINTIFFS' CLAIM FOR DAMAGES PREMISED UPON DEFENDANT'S PUTATIVE RECORD-KEEPING DEFICIENCIES FAILS AS A MATTER OF LAW

The Complaint (at ¶¶ 26, 37, 38) alleges that the Defendant failed to maintain relevant wage and hour records. Defendant's moving Point Two provided citations that any such claim fails as a matter of law because employees are not authorized to pursue a private right of action for putative record keeping violations.

The Opposition fails to distinguish Defendant's moving citations, and likewise fails to cite a single authority for the proposition that a private right of action exists. Accordingly, to the extent that the Complaint asserts a claim for damages related to Defendant's purported record-keeping violations, dismissal of the same is appropriate.

### POINT THREE

### DISMISSAL OF PLAINTIFFS' UNJUST ENRICHMENT CLAIM IS WARRANTED

Defendant's moving Point Three asserted that the putative unjust enrichment claim fails to allege all of the requisite elements and likewise does not allege any facts substantiating each of the three elements of the cause of action.  The Opposition does not distinguish Defendant's moving citation nor provide an admissible factual basis to substantiate the claim.   Plaintiff's citation to *Hotel Aquarius* bears no fruit for its cause because that decision relates to whether dismissal of an unjust enrichment claim is warranted when a duly executed contract exists governing the identical subject matter (see *Hotel Aquarius*, at *5).  Dismissal of the unjust enrichment claim is warranted.

## CONCLUSION

**WHEREFORE**, Defendant respectfully requests that the Court dismiss Plaintiffs' claims for overtime contained in the first and second causes of action; dismiss Plaintiffs' claims for damages premised upon putative record-keeping violations; dismiss the unjust enrichment claim asserted in the third cause of action; and for such other and further relief to the Defendant as this Court deems just and proper.

Dated: Melville, New York
August 15, 2019

                                      BARNES CATTERSON
                                      LOFRUMENTO BARNES LLP
                                      Attorneys for Defendant

By:    /S/ *Leo K. Barnes Jr.*
                                      Leo K. Barnes Jr., Esq.

                                      445 Broadhollow Road, Suite 226
                                      Melville, New York 11747
                                      T:     516-222-6500
                                      E:     LKB@BCLBLawGroup.com