UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JOHN MARCIANO AND KEVIN SCHWARTZ,   :
                                    :
                    Plaintiffs,     :         **MEMORANDUM & ORDER**
                                    :         18-CV-5222 (DLI) (JO)
         -against-                  :
                                    :
SJN ADJUSTMENT GROUP, INC.,         :
                                    :
                    Defendant.      :
----------------------------------------------------------------x

**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiffs John Marciano ("Marciano") and Kevin Schwartz ("Schwartz;" together, "Plaintiffs") allege violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and New York Labor Law, Art. 19 § 650, *et seq.* ("NYLL"), and common law claims for breach of contract and unjust enrichment. *See generally*, Compl., Dkt. Entry No. 1. Defendant SJN Adjustment Group, Inc. ("Defendant") moves for partial dismissal of certain claims. Def.'s Mot. to Dismiss, Dkt. Entry No. 13. For the reasons set forth below, the motion is granted in part and denied in part.

### BACKGROUND[1]

Plaintiffs worked for Defendant as public adjusters who would represent and assist insured property owners to maximize insurance claims for property damage. Compl. ¶ 13. Plaintiffs' duties included surveying and inspecting damaged structural and/or personal property, preparing reports and worksheets detailing damages and estimated costs of repair, and negotiating with insurance companies to receive the highest possible insurance payout for their clients. *Id.* In

---

[1] The following facts are taken from the Complaint, which is presumed to be true at this stage of the proceedings. *See*, *Dejesus v. HF Mgmt. Servs.*, 726 F.3d 85, 87 (2d Cir. 2013) (internal citations omitted).

addition, they would coordinate the recovery and rebuilding process through contractors and vendors on behalf of their clients. *Id.* Plaintiffs "were generally required to be available to work at least forty hours per week, and would commonly work between fifty and sixty hours per week." *Id.* ¶ 14. Plaintiffs provide no further facts or information regarding their work hours.

Each plaintiff alleges he worked for Defendant for approximately ten years: Marciano from December 2006 to February 2017, and Schwartz from June 2008 to February 2017. Compl. ¶¶ 11-12. Plaintiffs allege they were "wholly unpaid" and that Defendant "failed to pay the Plaintiffs their entire pay."[2] *Id.* at ¶¶ 1, 19. Thus, they allege violations of various provisions of the FLSA and NYLL, including, *inter alia*, failure to pay minimum and overtime wages, and failure to maintain proper records. *Id.* ¶¶ 22-40. As "alternative legal theor[ies]," in the event Plaintiffs are found "not to be covered by the FLSA and/or NYLL," they also bring claims for breach of contract and unjust enrichment. *Id.* ¶¶ 44-45. Defendant now moves for partial dismissal of certain of Plaintiffs' claims, specifically, for violations of the overtime and recordkeeping provisions of the FLSA and NYLL, and unjust enrichment. Def.'s Mem. of L., Dkt. Entry No. 13-1 at 3-7.

## DISCUSSION

**I.      Legal Standard on Motion to Dismiss**

On a motion to dismiss pursuant to Rule 12(b)(6), "a court must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id.* (citation omitted). Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

---

[2] Curiously, according to the Complaint, despite alleging they were wholly unpaid, each Plaintiff continued his employment with Defendant for approximately ten years.

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotation marks omitted). Further, the Second Circuit recently emphasized in a labor case that "[d]etermining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

## II. Application

### A. Overtime

Under the FLSA, an employee who works in "excess of forty hours" shall be paid for that excess work "at a rate not less than one and one-half times the regular rate at which [s/]he is employed." 29 U.S.C. § 207(a)(1); *See also*, *Lundy*, 711 F.3d at 113-14. In *Lundy*, the Second Circuit affirmed the district court's dismissal of FLSA and NYLL claims, holding that, to state a plausible overtime claim, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114. The court explained that allegations regarding "typical" practices fall short of the specificity required for pleadings because such claims "invite[] speculation" as to whether the plaintiff worked more than 40 hours in any given week. *Id.* at 115. In *Nakahata v. New York-Presbyterian Healthcare*, 723 F.3d 192, 201 (2d Cir. 2013), the Second Circuit reinforced its holding in *Lundy*, affirming the district court's dismissal of FLSA overtime claims where plaintiffs "merely alleged that they were not paid for overtime hours worked."

3

In *Dejesus v. HF Mgmt. Servs.*, 726 F.3d 85 (2d Cir. 2013), the Second Circuit affirmed the district court's dismissal of an FLSA overtime claim that did no more than "rephras[e] the FLSA's formulation specifically set forth in section 207(a)(1)." *Id.* at 89 (emphasizing that complaint "tracked the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleg[ed] no particular facts sufficient to raise a plausible inference of an FLSA overtime violation"). The Second Circuit further found in *Dejesus* that, "[i]n light of the fact that the relevant portions of [the NYLL] do not diverge from the requirements of the FLSA, our conclusions . . . about the FLSA allegations apply equally to [the NYLL] state law claims." *Id.* at n. 5 (internal quotation marks and citations omitted). The *Dejesus* court noted the plaintiff did "not estimate her hours in any or all weeks or provide any other factual context or content. Indeed, her complaint was devoid of any numbers to consider beyond those plucked from the statute." *Id.* The court clarified that *Lundy* "was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks;'" rather, the pleading standard "was designed to require plaintiffs to provide some factual context that will 'nudge' their claim from conceivable to plausible.'" *Id.* (citing *Twombly*, 550 U.S. at 570). To satisfy this standard, plaintiffs are not required to "keep careful records and plead their hours with mathematical precision," but they should provide "complaints with sufficiently developed factual allegations." *Id.*

In the instant matter, regarding their hours worked, Plaintiffs merely state that they "were generally required to be available to work at least forty hours per week, and would commonly work between fifty and sixty hours per week." Compl. ¶ 14. Plaintiffs do not provide any further facts, information, detail or content that would provide context for those overtime hours worked. These bare bones allegations are insufficient to meet the pleading standard for overtime claims as set forth in *Lundy* and *Dejesus* because they do not allege specifically that Plaintiffs worked 40

hours for each week or how many hours of overtime they specifically worked each week. Such generalized allegations require the court to engage in the impermissible speculation precluded by the Second Circuit in *Lundy*. Thus, Plaintiffs' overtime claims under the FLSA and NYLL are dismissed without prejudice.

**B. Record keeping**

Plaintiffs allege that Defendant failed to maintain certain records as required by the FLSA and NYLL. Compl. ¶¶ 26, 37-38. However, courts in this circuit have found there is no private right of action against an employer for failure to abide by the statutory record keeping provisions. *See*, *Ayala v. Looks Great Servs., Inc.*, 2015 WL 4509133, at *6 (E.D.N.Y. July 23, 2015); *Chan v. Big Geyser, Inc.*, 2018 WL 4168967, at *10 (S.D.N.Y. Aug. 30, 2018) (declining to infer private right of action under NYLL). "[T]hat authority is vested exclusively with the Secretary of Labor." *Ayala*, 2015 WL 4509133, at *6 (collecting cases). Thus, the record keeping claims are dismissed with prejudice.

**C. Unjust Enrichment**

Lastly, as an alternative theory of recovery, in the event they are not found to be covered under the FLSA and/or NYLL, Plaintiffs bring a claim for unjust enrichment. Compl. ¶¶ 44-45. The Court recognizes that, "[a]t the pleading stage, [a] [p]laintiff is not required to guess" as to the claims on which it will ultimately prevail. *St. John's Univ., N.Y. v. Bolton*, 757 F. Supp.2d 144, 183 (E.D.N.Y. 2010). Thus, although they may not *recover* under both the statutory claims and the common law claims (as they are duplicative and arise from the same facts), Plaintiffs may plead the common law claims at this stage. Defendant's motion is denied as to the unjust enrichment claim.

## CONCLUSION

For the reasons set forth above, Defendant's motion for partial dismissal is granted without prejudice as to Plaintiffs' overtime claims and with prejudice as to the record keeping claims, and denied as to the unjust enrichment claims.

A review of the docket reveals that, on July 2, 2019, Defendant filed a letter, with Plaintiffs' consent, requesting that the magistrate judge cancel an upcoming settlement conference. *See*, Dkt. Entry No. 27. Notably, that letter further states that Defendant agreed to Plaintiffs' request to file an Amended Complaint. A review of the docket further reveals that Plaintiffs never requested leave to file an Amended Complaint as their time to do so as of right had expired. *See*, Fed. R. Civ. P. 15(a)(1). Moreover, in their opposition to Defendant's motion to dismiss, Plaintiffs did not seek leave to amend the complaint as alternative relief, nor did they attach a proposed Amended Complaint. Given that: (1) Plaintiffs did plead other FLSA and NYLL claims with more specificity; (2) Defendant stated that it consents to Plaintiffs filing an amended complaint; (3) the case is relatively new; and (4) Federal Rule of Civil Procedure 15(a)(2) states that "[t]he Court should freely give leave [to amend] when justice so requires[,]" Plaintiffs are granted leave only to amend their overtime claims, consistent with this Order.

If Plaintiffs wish to amend their complaint, they must do so no later than November 2, 2019. Failure to do so will result in dismissal of the overtime claims with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
      September 30, 2019

                                               /s/
                                    DORA L. IRIZARRY
                                    Chief United States District Judge